JAMES T. DUNN #3785
1108 West South Jordan Parkway, Suite A
South Jordan, Utah 84095
Telephone: (801)254-9209
Facsimile: (801) 254-9246
*Attorney for Defendant, Meridian Title Company*

FILED
U.S. DISTRICT COURT

2011 MAR 22 A 10: 38

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT,

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HENRY BARLOW, an individual, | |
| Plaintiff, | SUMMARY JUDGMENT |
| vs. | |
| CANYON VIEW TITLE INSURANCE AGENCY, INC., a Utah corporation; MERIDIAN TITLE COMPANY, a Utah corporation, and CHAD PALMER, an individual, | Case: 2:08cv00375<br>Assigned to Bruce Jenkins |
| Defendants. | |

The Motion for Summary Judgment of Defendant, Meridian Title, was fully briefed and argued before the Court on Friday, March 4, 2011 at the hour of 1:30PM. Plaintiff was represented by counsel of record, Vincent Rampton of Jones, Waldo, Holbrook and McDonough. The Defendant was represented by counsel of record, James T. Dunn. Based upon the matters submitted and oral argument, the Court is prepared to enter its Findings of Fact and a Judgment and Order in this case.

FINDINGS OF  UNDISPUTED FACT

1. On November 28, 2006, the Plaintiff Henry Barlow loaned to Twin Peaks Financial Inc., the sum of $270,000, which Plaintiff understood to be secured by Lot 3 Barlow

Bowman Subdivision based on representations made by Twin Peaks Financial, and receipt of a copy of a Trust Deed to that property from Twin Peaks.

2. On March 19, 2007 the Plaintiff, Henry Barlow, loaned $300,000 to Twin Peaks Financial Services, Inc., which Plaintiff understood to be secured by Lot 10 Bowden Estates Subdivision based on representations made by Twin Peaks Financial, and receipt of a copy of a Trust Deed to that property from Twin Peaks.

3. On March 9, 2007 the Plaintiff loaned the sum of $550,000 to Twin Peaks Financial Services, Inc., which Plaintiff understood to be secured by Lots 22 and 25, Palomino Cove Subdivision based on representations made by Twin Peaks Financial, and receipt of a copy of a Trust Deed to that property from Twin Peaks.

4. On March 15, 2007, the Plaintiff loaned the sum of $515,000 to Twin Peaks Financial Services, Inc., which Plaintiff understood to be secured by Lots 15 and 31, Palomino Cove Subdivision based on representations made by Twin Peaks Financial, and receipt of a copy of a Trust Deed to that property from Twin Peaks.

5. On April 10, 2007 the Plaintiff loaned the sum of $345,000 to Twin Peaks Financial Services, Inc., which Plaintiff understood to be secured by Lot 133, the Lakes at Sleepy Ridge Subdivision based on representations made by Twin Peaks Financial, and receipt of a copy of a Trust Deed to that property from Twin Peaks.

6. On April 11, 2007, Twin Peaks Financial Services, Inc. gave the Plaintiff a Promissory Note in the sum of $232,313.36 purportedly secured by a Trust Deed against Lot 32, the Lakes at Sleepy Ridge Subdivision.

7. There is in the record no cancelled check or other documentation of payment of $232,313.36 by Plaintiff to Twin Peaks Financial in connection with the Note and Deed of Trust referenced in ¶6, although Plaintiff testified in Deposition that the payment was made.

8. Each transaction listed above was performed without the benefit of a professional appraisal, with the Plaintiff performing his own appraisal of the subject properties.

9. For each transaction listed above, the Plaintiff lent his money to Twin Peaks Financial Services, Inc. without performing, a title search, either himself or through a title company. No preliminary title report, commitment for, or policy of title insurance was obtained for any lot.

10. Meridian Title prepared none of the loan documents or Trust Deeds identified in the above transactions and had no relationship with the Plaintiff Henry Barlow at the time the above funds were loaned.

11. No funds went through Meridian Title Company's Trust account for disbursement to Twin Peaks Financial Services, Inc., or anyone else.

12. On April 11, 2007, Kenneth C. Tebbs (K.C. Tebbs, agent of Twin Peaks) requested that Jeff Seaman, a licensed escrow agent, record the Trust Deed to secure the April 10, 2007 transaction in the sum of $345,000 and the April 11, 2007 transaction to secure $232,313.36.

13. Jeff Seaman notarized the signatures of K.C. Tebbs on the Trust Deeds and recorded the Trust Deeds in the public record but did not contact Plaintiff in connection therewith.

14. Both of the Deeds recorded by Meridian Title on April 11, 2007 have stamped on the front of the document the following:

"THIS DOCUMENT IS BEING RECORDED SOLELY AS A COURTESY AND MERIDIAN TITLE ASSUMES NO LIABILITY FOR THE ACCURACY OR CONTENTS OF SAID DOCUMENT."

15. Nothing in the record suggests that Plaintiff saw the language stamped on the Deeds of Trust prior to their recording.

16. Neither Trust Deed recorded on April 11, 2007 against Lot 132 or 133 were prepared by Meridian Title.

17. On June 7, 2007, the Plaintiff and K.C. Tebbs went to the offices of Meridian Title Company and requested that Meridian Title Company prepare, notarize, and record Quit Claim Deeds to 7 of the 8 properties listed in ¶1-6 above.

18. On June 7, 2007, Jeff Seaman, licensed escrow agent at Meridian, prepared a Quit Claim Deed from Kenneth C. Tebbs to Henry Barlow for Lot 3, Barlow Bowman Subdivision, notarized the signature of Kenneth C. Tebbs, and recorded the same in the public record of Salt Lake County.

19. On June 7, 2007, Jeff Seaman prepared a Quit Claim Deed from Twin Peaks Financial Services, Inc. to Henry Barlow for Lots 15, 22, 25 and 31, of Palomino Cove Subdivision, notarized the signature of Kenneth C. Tebbs as president of Twin Peaks Financial Services Inc., and recorded the same in the public record.

20. On June 7, 2007, Jeff Seaman prepared a Quit Claim Deed from MNK Investments, Inc., to Henry Barlow for Lots 132 and 133, Plat B, Phase I, The Lakes at Sleepy Ridge Subdivision, notarized the signature of Kenneth C. Tebbs as president of MNK Investments, Inc., and recorded the same in the public record of Utah County.

21. At no time, between November of 2006 and June 7, 2007, did the Plaintiff request title searches from Meridian nor request or obtain preliminary title reports or policies of title insurance from Meridian Title Company.

22. Prior to June 7, 2007, Meridian Title had handled transactions for Twin Peaks Financial Services, Inc., and MNK Investments, Inc. for some of the properties for which Plaintiff was given Deeds of Trust described above.

23. Meridian did not notify Plaintiff of its prior transactions with MNK Investments or Twin Peaks at any time.

24. Subsequent to all of the foregoing, Twin Peaks Financial Services, Inc., K.C. Tebbs, Chad Palmer, and MNK Investments, Inc., filed bankruptcy in the United States Bankruptcy Court for the District of Utah.

## JUDGMENT AND ORDER

Based upon the foregoing undisputed facts, the withdrawal by the Plaintiff of his state law claim based upon Utah Code Ann. 61-1-1, and the written submissions and oral argument: The Court enters Summary Judgment in favor of the Defendant Meridian Title Company and against the Plaintiff Henry Barlow on his claims for aiding and abetting common law fraud, negligent misrepresentation, civil conspiracy, federal securities violations based upon 15 U.S.C. § 78 and Rule 10(b)(5), Utah Statutory law claims, and breach of fiduciary duty by Meridian Title Company. Meridian Title Company is granted judgment on these claims and they are dismissed with prejudice and on the merits.

DATED this 31 day of March, 2011.

BY THE COURT

District Court Judge

Approved as to form:

_____/s/_____
Vincent Rampton

## MAILING CERTIFICATE

A true and correct copy of the Summary Judgment was e-filed CM/ECF this 18th day of March, 2011, to:

Vincent Rampton
Jones, Waldo
170 S. Main #1500
SLC, Utah 84101

_____/s/_____
James T. Dunn